ELECTRONICALLY FILED
2022 Mar 11 4:51 PM
CLERK OF COURT

## IN THE CIRCUIT COURT OF SHELBY COUNTY, TENNESSEE
## FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS

DONNIE DIXON,

      Plaintiff,

vs.

      DOCKET NO.  CT-0978-22
      DIVISION  VIII
      JURY DEMANDED

MICHAEL CAROL KYLE,
SHANE ALLEN, and
ALLEN ENTERPRISES,

      Defendants.

## COMPLAINT

**COMES NOW** the Plaintiff, Donnie Dixon, by and through counsel, and hereby files this Complaint against Defendants Michael Carol Kyle, Shane Allen, and Allen Enterprises, for personal injuries and damages and would respectfully state as follows:

### PARTIES, JURISDICTION, AND VENUE

1.     Plaintiff, Donnie Dixon, is an adult resident of Memphis, Shelby County, Tennessee.

2.     Upon information and belief, Defendant Michael Carol Kyle is an adult resident of Kosciusko, Mississippi.

3.     Upon information and belief, Defendant Shane Allen is an adult resident of Kosciusko, Mississippi

4.     Defendant business entity Allen Enterprises is registered in Kosciusko, Mississippi.

5.     The incident that forms the basis of this suit occurred in Shelby County, Tennessee, thus this Court has personal jurisdiction over the parties and venue is proper in this county.

EXHIBIT A

6.      This action arises in tort out of personal injuries and damages incurred as a result of an automobile collision that occurred in Shelby County, Tennessee on or about March 16, 2021.

7.      This Honorable Court has subject matter jurisdiction over this claim and personal jurisdiction over the parties.

## FACTS

8.      Upon information and belief, Plaintiff alleges that, at all times material hereto, including March 16, 2021, Defendant, Michael Carol Kyle, was an authorized driver of the 2015 Chevrolet Silverado which was involved in the accident with Plaintiff on or about March 16, 2021.

9.      Upon information and belief, Plaintiff alleges that, at all times material hereto, including March 16, 2021, Defendant, Shane Allen, was the owner of the 2015 Chevrolet Silverado which was involved in the accident with Plaintiff on or about March 16, 2021.

10.      Upon information and belief, Defendant, Michael Carol Kyle, was conducting business as an employee or agent of Allen Enterprises at the time of the subject collision on or about March 16, 2021.

11.      On or about March 16, 2021, Plaintiff, Donnie Dixon was operating his 2001 Buick Le Sabre in a safe, prudent, cautious and reasonable manner while travelling westbound on Highway 385.

12.      At the same time and location, Defendant Michael Carol Kyle was also traveling westbound on Highway 385 in a reckless and negligent manner when he suddenly and without warning crashed the front of his vehicle into the rear of Plaintiff's vehicle.

13.      At all times pertinent hereto, Donnie Dixon was operating his vehicle in a safe, cautious, and prudent manner.

2

14.    Defendant Michael Carol Kyle negligently and/or recklessly failed to use reasonable caution in the operation of his vehicle by following too closely.

15.    Defendants Shane Allen and/or Allen Enterprises failed to use reasonable caution by allowing Defendant Michael Carol Kyle to operate the vehicle.

16.    As a direct and proximate result of the reckless and/or negligent acts of the Defendants, Plaintiff Donnie Dixon sustained personal injuries and other damages to be more particularly described hereinafter.

## NEGLIGENT ACTS AND/OR RECKLESSNESS

17.    Plaintiff incorporates paragraphs 1 through 16 as if restated here verbatim.

18.    Plaintiff, Donnie Dixon did not have sufficient time or space to avoid the collision and, as a direct and proximate result of the negligent acts of the Defendants, sustained personal injuries and other damages.

19.    Plaintiff charges and alleges that Defendants, both individually and collectively, are guilty of the following acts and/or omissions of common law negligence, which were a direct and proximate cause of Plaintiff's injuries and resulting damages to wit:

(a)    In negligently failing to use that degree of care and caution in the operation of his commercial vehicle as was required of a reasonable and prudent person under the same or similar circumstances existing at the time and place of the aforementioned collision;

(b)    In negligently failing to maintain a safe lookout;

(c)    In negligently failing to devote full time and attention to the operation of his commercial vehicle;

(d)    Failing to see what was there to be seen;

(e)    Failing to maintain control of said commercial vehicle;

(f)    Impeding the normal and reasonable movement of traffic;

3

(g)     Driving in a careless and reckless manner;

(h)     Other acts and/or omissions to be shown at the trial of this cause.

## NEGLIGENCE PER SE

20.     Plaintiff incorporates paragraphs 1 through 19 as if restated here verbatim.

21.     Plaintiff charges and alleges that Defendants were in violation of the following statutes of the State of Tennessee, which were in full force and effect at the time and place of the collision and which constitute negligence per se, to wit:

### Section 55-8-136.  Due Care
(b) Notwithstanding any speed limit or zone in effect at the time, or right of way rules that may be applicable, every driver of a motor vehicle shall exercise due care to avoid colliding with any other motor vehicle, either being driven or legally parked, upon any roadway, or any road sign, guard rail or any fixed object legally placed within or beside the roadway right of way, by operating such motor vehicle at a safe speed, by maintaining a safe lookout, by keeping such motor vehicle under proper control and by devoting full time and attention to operating such motor vehicle, under the existing circumstances to avoid endangering life, limb, or property.

### Section 55-10-205. Reckless driving
(a) Any person who drives any vehicle in willful or wanton disregard for the safety of persons or property commits reckless driving.

## INJURIES AND DAMAGES

22.     Plaintiff incorporates paragraphs 1 through 21 as if restated here verbatim.

23.     As a direct and proximate result of the above-described violations of the common law and state statutes by Defendant, Donnie Dixon sustained multiple serious and disabling injuries to his body as a whole.

24.     Plaintiff, Donnie Dixon has endured pain and suffering and will continue to endure pain and suffering from the injuries arising out of the subject collision.

25.     Plaintiff, Donnie Dixon, has incurred reasonable and necessary medical expenses

4

in order to alleviate his pain and suffering and will continue to incur said expenses in the future.

26.     Plaintiff, Donnie Dixon, has sustained mental anguish past, present, and future as a result of the subject collision.

27.     Plaintiff, Donnie Dixon, has sustained past, present, and future inconvenience as a result of the subject collision.

28.     Plaintiff, Donnie Dixon, has sustained lost wages past, present, and future as a result of the subject collision.

<u>**PRAYER FOR RELIEF**</u>

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff respectfully sues Defendants Michael Carol Kyle, Shane Allen, and Allen Enterprises for a reasonable amount of restitution and compensation for damages to be determined by twelve honorable and good citizens of Shelby County for a sum not to exceed Three Hundred Thousand Dollars ($300,000.00), for negligent and reckless acts and/or omissions where such actions are the cause of Plaintiff's injuries and damages, and for all other relief to which the Plaintiff may be entitled under Tennessee law.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff respectfully prays for damages as they may appear on the trial of this cause, reserving the right to amend this pleading to conform to the facts as they may develop, for cost and interest, and for all other general relief justified by the facts under the law or equity.

Respectfully submitted,

REAVES LAW FIRM, PLLC

GEOFFREY LEWTER, #23753
Attorney for Plaintiff
1991 Corporate Avenue, Suite 310
Memphis, Tennessee 38132
Phone (901) 417-7166
Facsimile (901) 328-1352
geoffrey.lewter@beyourvoice.com

6

ELECTRONICALLY FILED
2022 Apr 19 1:58 PM
CLERK OF COURT - CIRCUIT

## IN THE CIRCUIT COURT OF SHELBY COUNTY, TENNESSEE
## FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS

DONNIE DIXON,

       Plaintiff,

vs.

KEVIN CHILDRESS, AS
ADMINISTRATOR AD LITEM FOR
THE ESTATE OF MICHAEL CAROL KYLE,
SHANE ALLEN, and
ALLEN ENTERPRISES,

       Defendants.

DOCKET NO. CT-0978-22
DIVISION VIII
JURY DEMANDED

## AMENDED COMPLAINT

**COMES NOW** the Plaintiff, Donnie Dixon, by and through counsel, and hereby amends his Complaint against Defendants, Kevin Childress, as Administrator ad Litem for the Estate of Michael Carol Kyle, Shane Allen, and Allen Enterprises, for personal injuries and damages and would respectfully state as follows:

### PARTIES, JURISDICTION, AND VENUE

1.      Plaintiff, Donnie Dixon, is an adult resident of Memphis, Shelby County, Tennessee.

2.      At the time of the subject collision, Michael Carol Kyle was an adult resident of Kosciusko, Mississippi.

3.      Upon information and belief, Michael Carol Kyle died on June 11, 2021.

4.      Plaintiff filed his original Complaint in this matter on March 11, 2022, naming Michael Carol Kyle as the Defendant.

5.      Plaintiff did not learn of Michael Carol Kyle's death until efforts were made to serve Mr. Kyle with the original Complaint.

6.      On April 1, 2022, Kevin Childress was appointed as the Administrator ad Litem of the Estate of Michael Carol Kyle for the purpose of serving as a Defendant in the present litigation brought by Plaintiff.  A copy of the Order Appointing Administrator ad Litem is attached hereto as Exhibit A.

7.      Plaintiff files this Amended Complaint pursuant to Tenn. Code Ann. § 20-5-103, Tenn. Code Ann. § 30-1-109, Tenn. R. Civ. P. 15, Tenn. R. Civ. P. 25, and *Estate of Russell v. Snow*, 829 S.W. 2d 136, 137 (Tenn. 1992), in order to substitute Kevin Childress as Administrator ad Litem for the Estate of Michael Carol Kyle as the proper Defendant in this matter.

8.      Upon information and belief, Defendant Shane Allen is an adult resident of Kosciusko, Mississippi

9.      Defendant business entity Allen Enterprises is registered in Kosciusko, Mississippi.

10.     The incident that forms the basis of this suit occurred in Shelby County, Tennessee, thus this Court has personal jurisdiction over the parties and venue is proper in this county.

11.     This action arises in tort out of personal injuries and damages incurred as a result of an automobile collision that occurred in Shelby County, Tennessee on or about March 16, 2021.

12.     This Honorable Court has subject matter jurisdiction over this claim and personal jurisdiction over the parties.

2

## **FACTS**

13.     Upon information and belief, Plaintiff alleges that, at all times material hereto, including March 16, 2021, Michael Carol Kyle was an authorized driver of the 2015 Chevrolet Silverado which was involved in the accident with Plaintiff on or about March 16, 2021.

14.     Upon information and belief, Plaintiff alleges that, at all times material hereto, including March 16, 2021, Defendant Shane Allen was the owner of the 2015 Chevrolet Silverado which was involved in the accident with Plaintiff on or about March 16, 2021.

15.     Upon information and belief, Mr. Kyle was conducting business as an employee or agent of Allen Enterprises at the time of the subject collision on or about March 16, 2021.

16.     On or about March 16, 2021, Plaintiff Donnie Dixon was operating his 2001 Buick Le Sabre in a safe, prudent, cautious and reasonable manner while travelling westbound on Highway 385.

17.     At the same time and location, Mr. Kyle was also traveling westbound on Highway 385 in a reckless and negligent manner when he suddenly and without warning crashed the front of his vehicle into the rear of Plaintiff's vehicle.

18.     At all times pertinent hereto, Donnie Dixon was operating his vehicle in a safe, cautious, and prudent manner.

19.     Michael Carol Kyle negligently and/or recklessly failed to use reasonable caution in the operation of his vehicle by following too closely.

20.     Defendants Shane Allen and/or Allen Enterprises failed to use reasonable caution by allowing Mr. Kyle to operate the vehicle.

21.     As a direct and proximate result of the reckless and/or negligent acts of the

Defendants, Plaintiff Donnie Dixon sustained personal injuries and other damages to be more particularly described hereinafter.

## NEGLIGENT ACTS AND/OR RECKLESSNESS

22.     Plaintiff incorporates paragraphs 1 through 21 as if restated here verbatim.

23.     Plaintiff did not have sufficient time or space to avoid the collision and, as a direct and proximate result of the negligent acts of the Defendants, sustained personal injuries and other damages.

24.     Plaintiff charges and alleges that Defendants, both individually and collectively, are guilty of the following acts and/or omissions of common law negligence, which were a direct and proximate cause of Plaintiff's injuries and resulting damages to wit:

(a)     In negligently failing to use that degree of care and caution in the operation of his commercial vehicle as was required of a reasonable and prudent person under the same or similar circumstances existing at the time and place of the aforementioned collision;

(b)     In negligently failing to maintain a safe lookout;

(c)     In negligently failing to devote full time and attention to the operation of his commercial vehicle;

(d)     Failing to see what was there to be seen;

(e)     Failing to maintain control of said commercial vehicle;

(f)     Impeding the normal and reasonable movement of traffic;

(g)     Driving in a careless and reckless manner;

(h)     Other acts and/or omissions to be shown at the trial of this cause.

## NEGLIGENCE PER SE

25.     Plaintiff incorporates paragraphs 1 through 24 as if restated here verbatim.

26.     Plaintiff charges and alleges that Defendants were in violation of the following statutes of the State of Tennessee, which were in full force and effect at the time and place of the collision and which constitute negligence per se, to wit:

**Section 55-8-136.  Due Care**
(b) Notwithstanding any speed limit or zone in effect at the time, or right of way rules that may be applicable, every driver of a motor vehicle shall exercise due care to avoid colliding with any other motor vehicle, either being driven or legally parked, upon any roadway, or any road sign, guard rail or any fixed object legally placed within or beside the roadway right of way, by operating such motor vehicle at a safe speed, by maintaining a safe lookout, by keeping such motor vehicle under proper control and by devoting full time and attention to operating such motor vehicle, under the existing circumstances to avoid endangering life, limb, or property.


**Section 55-10-205. Reckless driving**
(a) Any person who drives any vehicle in willful or wanton disregard for the safety of persons or property commits reckless driving.


## INJURIES AND DAMAGES

27.     Plaintiff incorporates paragraphs 1 through 26 as if restated here verbatim.

28.     As a direct and proximate result of the above-described violations of the common law and state statutes by Defendant, Donnie Dixon sustained multiple serious and disabling injuries to his body as a whole.

29.     Plaintiff, Donnie Dixon has endured pain and suffering and will continue to endure pain and suffering from the injuries arising out of the subject collision.

30.     Plaintiff, Donnie Dixon, has incurred reasonable and necessary medical expenses in order to alleviate his pain and suffering and will continue to incur said expenses in the future.

31.     Plaintiff, Donnie Dixon, has sustained mental anguish past, present, and future as a result of the subject collision.

32.    Plaintiff, Donnie Dixon, has sustained past, present, and future inconvenience as a result of the subject collision.

33.    Plaintiff, Donnie Dixon, has sustained lost wages past, present, and future as a result of the subject collision.

### PRAYER FOR RELIEF

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff respectfully sues Defendants Kevin Childress as Administrator of the Estate of Michael Carol Kyle, Shane Allen, and Allen Enterprises for a reasonable amount of restitution and compensation for damages to be determined by twelve honorable and good citizens of Shelby County for a sum not to exceed Three Hundred Thousand Dollars ($300,000.00), for negligent and reckless acts and/or omissions where such actions are the cause of Plaintiff's injuries and damages, and for all other relief to which the Plaintiff may be entitled under Tennessee law.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff respectfully prays for damages as they may appear on the trial of this cause, reserving the right to amend this pleading to conform to the facts as they may develop, for cost and interest, and for all other general relief justified by the facts under the law or equity.

Respectfully submitted,

**REAVES LAW FIRM, PLLC**

GEOFFREY LEWTER, #23753
Attorney for Plaintiff
1991 Corporate Avenue, Suite 310
Memphis, Tennessee 38132
Phone (901) 417-7166
Facsimile (901) 328-1352
geoffrey.lewter@beyourvoice.com

6

FILED FOR ENTRY

APR 0 1 2022

BILL MORRISON, CLERK

IN THE PROBATE COURT OF
SHELBY COUNTY, TENNESSEE

IN RE:     ESTATE OF

MICHAEL CAROL KYLE,     NO. PR-022255
DECEASED

ORDER APPOINTING ADMINISTRATOR AD LITEM

This Court reviewed the pleadings on the Petition to Appoint
Administrator ad Litem filed March 31, 2022 by Geoffrey Lewter, (the
"Petitioner"). Based on the petition filed, statement of the Petitioner as an
officer of the Court, statements of counsel, and the entire record in this cause, it
appears to this Court that Michael Carol Kyle died in Kosciusko, Mississippi on
June 11, 2021; that Geoffrey Lewter Petitioner is the attorney of record for the
Donnie Dixon who was injured in an automobile accident with the deceased
Michael Carol Kyle which has been filed in the Circuit Court of Shelby County,
Tennessee; and that it is necessary for an administrator *ad litem* to be
appointed for the sole purpose of taking whatever actions are needed to resolve
any lawsuits; and that it further appearing that this Court has inherent
jurisdiction to appoint an administrator *ad litem* under Tenn. Code Ann. § 30-1-
109 for such a limited purpose.

Page 1 of 3

**EXHIBIT A**

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that

Kevin Childress be and is hereby appointed administrator *ad litem* of the

Estate of Michael Carol Kyle, deceased. The sole purpose of the administrator

*ad litem* is to resolve the pending cause of action.   The administrator *ad litem*

is not authorized or required to marshal the assets of Decedent or to take

any other action in this estate nor is he required to post bond or filing any

accounting, but he may take any necessary to resolve the pending claim

including, but not limited to accepting service of process, signing releases,

engaging in discovery, and execution of documents.

JUDGE

DATE: APR 0 1 2022

Page 2 of 3

Approved as to form:
Holland & Hisaw

By: _____
J. Wesley Hisaw, TBR 024991
Attorney for the Petitioner
Holland & Hisaw
3010 Goodman Road West, Suite A
Post Office Box 256
Horn Lake, Mississippi 38637
Telephone: 662-342-1333
Facsimile:  662-342-7321


Approved as to form:

_____
Kevin E. Childress (BPR 17046)
Peppel, Grice & Palazzolo, P.C
474 Perkins Extended, Suite 205
Memphis, Tennessee 38117
(901) 525-2527 (o)
(901) 432-6153 (f)

Page 3 of 3